| | |
|---|---|
| CARMINE TROVATO,<br>        Plaintiff,<br><br>vs.<br><br>TRANS UNION, LLC and TRUMARK<br>FINANCIAL CREDIT UNION,<br>        Defendants. | CASE NO. 2:21-cv-01263-CDJ |

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND AFFIRMATIVE DEFENSES**

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Original Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union, LLC's responses immediately following.

## PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer, Carmine Trovato, against Trans Union, LLC ("TransUnion") and TruMark Financial Credit Union ("TruMark"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq*.

**ANSWER**: Trans Union denies that it violated the FCRA. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## THE PARTIES

1. Plaintiff Carmine Trovato is an adult individual residing in Gilbertsville, Pennsylvania.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

2. TransUnion is a Delaware limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

**ANSWER**: Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

3. TruMark is a credit union registered to conduct business in the Commonwealth of Pennsylvania with a principal place of business located in the Eastern District of Pennsylvania at 335 Commerce Drive, Fort Washington, PA 19034.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION & VENUE

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this matter is an action arising under the laws of the United States

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendants possess sufficient contacts with this District to be deemed to reside in this District.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL ALLEGATIONS

6. Mr. Trovato is a "consumer" as that term is defined by the FCRA. 15 U.S.C. § 1681a(c).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. TransUnion is a "consumer reporting agency" as that term is defined by the FCRA. 15 U.S.C. § 1681a(f).

**ANSWER**: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

8. TruMark is a "furnisher" as that term is defined by the FCRA. 15 U.S.C. § 1681s-2(b).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9. TruMark is a user of consumer reports as that term is defined by the FCRA. 15 U.S.C. §1681b(f).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10. On or about November 30, 2017, Plaintiff's Chapter 7 Bankruptcy was discharged which included three accounts with TruMark.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. In or around February 2021, Plaintiff received a credit monitoring alert that TruMark began reporting the three TruMark accounts in an erroneous and derogatory manner by

reporting that the accounts were presently charged off with a balance owed instead of properly reporting the accounts as "included in bankruptcy" (the "inaccurate information").

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12. Trans Union has been and continues to sell credit reports about Plaintiff with the inaccurate information included that it has disseminated to various persons and credit grantors, both known and unknown.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13. The credit reports sold by Trans Union are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. § 1681a(d)(l).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

14. This inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15. Plaintiff has disputed the inaccurate information with Defendants by following Trans Union's established procedures for disputing consumer credit information.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

16. Plaintiff has disputed the inaccurate information with TransUnion from February 2021 through the present.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17. Upon information and belief, TransUnion provided TruMark with notice of Plaintiff's disputes.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18. Notwithstanding Plaintiff's efforts, TransUnion has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Trans Union continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union has repeatedly published and disseminated consumer reports to such third parties from at least February 2021 through the present.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19. TransUnion negligently and recklessly failed to conduct reasonable investigations of Plaintiff's disputes, *inter alia*, by: failing to conduct any investigation into the accounts at all; failing to review and consider the information submitted by Plaintiff; failing to contact Plaintiff to elicit more specific information about his disputes; failing to contact persons or entities with knowledge about the accounts; failing to obtain documents and information that would verify that the accounts were included in bankruptcy; and failing to properly communicate the substance of the disputes to the relevant furnisher of the accounts at issue.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

20. TransUnion also acted recklessly, *inter alia*, by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

21. TruMark has also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Plaintiff's disputes from TransUnion, inter alia, by: failing to conduct any investigation into the accounts at all; failing to properly review the relevant account information; failing to review and consider information submitted by Plaintiff; failing to contact Plaintiff to elicit more specific information about his disputes; failing to review documents that would have otherwise verified that the accounts were included in bankruptcy; failing to contact persons or entities with knowledge about the accounts; and/or failing to report the accounts as disputed.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

22. TruMark also acted recklessly, *inter alia*, by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

23. Additionally, in or around December 23, 2020, TruMark accessed Plaintiff's credit file through Trans Union impermissibly without Plaintiff's consent or knowledge or legitimate business reason to do so, and then never informed Plaintiff of these illegal and impermissible accesses.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

24. TruMark has been afforded, through contract, a direct access terminal whereby it may, for certain permissible and lawful purposes, access consumer reports from Trans Union and possibly other consumer reporting agencies as well.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25. Upon its inquiries to Trans Union, TruMark falsely certified that it was inquiring for an account review relating to Plaintiff.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

26. TruMark had no lawful purpose for accessing Plaintiff's credit file and accessed it without any consent or knowledge of the Plaintiff.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

27. TruMark made illegal and impermissible access under false pretenses by falsely certifying its alleged reasons for obtaining the consumer report(s).

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

28. TransUnion further knew or should have known that TruMark's attempt to access Plaintiff's credit report in December 2020 was impermissible since Plaintiff had no open or non-discharged accounts at that time with TruMark.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

29. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

31. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

**ANSWER**: Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

# COUNT I- TRANS UNION
# VIOLATIONS OF THE FCRA

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

33. TransUnion violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing consumer reports about Plaintiff as described above. 15 U.S.C. § 1681e(b).

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

34. TransUnion also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff s disputes as described above. 15 U.S.C. § 168li(a).

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

35. TransUnion also violated the FCRA by willfully and negligently failing to comply with the requirements imposed on consumer reporting agency for the issuance of consumer reports to users as described above. 15 U.S.C. §§ 1681b(a)(3).

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

36. The conduct of TransUnion was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

37. As a result of the violations of the FCRA by TransUnion identified herein, this Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

# COUNT II - TRUMARK
# VIOLATIONS OF THE FCRA

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

39. TruMark violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff s disputes as described above. 15 U.S.C. § 1681s-2(b).

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40. TruMark violated the FCRA by willfully and negligently failing to comply with the requirements imposed on users of consumer reports pursuant to 15 U.S.C. §§ 168lb(f), 1681n(b) and 1681q.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41. The conduct of TruMark was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42. As a result of the violations of the FCRA by TruMark identified herein, this Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## JURY TRIAL DEMAND

43. Plaintiff demands trial by jury on all issues so triable.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

Date: _____                            Respectfully submitted,


                                           */s/ Nicholas C. Naum*  
                                           Nicholas C. Naum, Esq.  
                                             (admitted *Pro Hac Vice*)  
                                           Schuckit & Associates, P.C.  
                                           4545 Northwestern Drive  
                                           Zionsville, IN  46077  
                                           Telephone:  (317) 363-2400, Ext. 123  
                                           Fax:  (317) 363-2257  
                                           E-Mail:  nnaum@schuckitlaw.com

                                           *Lead Counsel for Defendant Trans Union, LLC*


                                           Casey B. Green, Esq.  
                                           Sidkoff, Pincus & Green, P.C.  
                                           1101 Market Street, Suite 2700  
                                           Philadelphia, PA  19107  
                                           Telephone:  (215) 574-0600  
                                           Fax:  (215) 574-0310  
                                           E-Mail:  cg@sidkoffpincusgreen.com

                                           *Local Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **14th day of May, 2021**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Gregory Gorski, Esq. greg@greggorskilaw.com | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **14th day of May, 2021** properly addressed as follows:

| None. | |
|---|---|

*/s/ Nicholas C. Naum*
Nicholas C. Naum, Esq.
  (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: (317) 363-2400, Ext. 123
Fax: (317) 363-2257
E-Mail: nnaum@schuckitlaw.com

*Lead Counsel for Defendant Trans Union, LLC*